NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10484 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-01113-JSW |
| v. | |
| NEFRITITI LUV, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted June 15, 2011[**]

Before: CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Nefrititi Luv appeals from the 27-month sentence imposed following her guilty-plea conviction for mail fraud, in violation of 18 U.S.C. § 1341, and failure to file a tax return, in violation of 26 U.S.C. § 7203. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Luv first contends that the district court committed procedural error by providing an inadequate explanation of the sentence selected, and relying on clearly erroneous facts. The record belies these contentions. There was no procedural error. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

Luv next contends that her sentence is substantively unreasonable. She argues that the court gave insufficient weight to her mitigation arguments, overemphasized the seriousness of the offense and the need for deterrence, and committed several other errors that resulted in a substantively unreasonable sentence. Luv's contentions are unavailing. The court conducted an individualized assessment of Luv's case, giving due consideration to her mitigation arguments and the full scope of her conduct. *See* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). In addition, it gave appropriate consideration to the 18 U.S.C. § 3553(a) factors; it "did not give [any] factor impermissible weight or ignore or downplay the other factors." *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009). In light of the totality of the circumstances and the § 3553(a) factors, Luv's

sentence at the bottom of the Guidelines range is substantively reasonable. *See*

*Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**